UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JENERRO DUNCAN #41221                        CIVIL ACTION NO. 21-cv-357 SEC P

VERSUS                                       JUDGE TERRY A. DOUGHTY

POLICE JURY BOSSIER PARISH ET AL        MAGISTRATE JUDGE HORNSBY


**REPORT AND RECOMMENDATION**

Jenerro Duncan ("Plaintiff"), who is self-represented, filed this civil rights action against defendants associated with the Bossier Maximum Security facility.  Plaintiff alleges that the defendants did not provide adequate protection from the coronavirus.  It is recommended that this civil action be dismissed because Plaintiff has failed to keep the court apprised of his current address.

The court issued an order that the defendants respond to the complaint.  The order also set forth a schedule and rules for the litigation.  The order included a command that: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address."  The parties were warned that: "Failure to do so shall be considered grounds for dismissal or other appropriate sanctions."  (Doc. 4).  The order is consistent with the provision in Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court in writing of any address change." See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

Two of the defendants filed a motion for summary judgment on the grounds that Plaintiff did not exhaust his administrative remedies before he filed this suit.  The court issued a notice of motion setting that was mailed to Plaintiff.  The item was returned by the postal service on September 3, 2021 marked "RETURN TO SENDER No longer in our jail."  The court then issued an order that extended the dispositive motion deadline for the remaining defendants until 21 days after Plaintiff filed a written notice of new address. The order stated that if Plaintiff did not file such a notice by October 4, 2021, it was likely that the undersigned would recommend dismissal for failure to prosecute.  That order was also returned by the postal service with the same indication that Plaintiff was no longer at the jail.  The October 4 deadline has passed, and the court has not received any written communication from Plaintiff despite the passage of more than 30 days since the first mail item was returned.

Where a litigant has been warned that dismissal may result from a failure to notify the district court of an address change, the failure to do so, beyond being in violation of a court order, "may be considered by the district court as ... cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007).  The court has no idea of Plaintiff's current address, as he has failed to keep the court apprised of it as required by the court's order and local rule.  Perhaps Plaintiff has lost interest in the case or has merely been negligent in looking after his affairs.  In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation.  Dismissal without prejudice for failure to

prosecute is warranted.  Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005); St. Juniors v. Burgess, 2016 WL 4368230 (E.D. La. 2016).

Accordingly;

It is recommended that the complaint be dismissed without prejudice for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of October, 2021.

Mark L. Hornsby
U.S. Magistrate Judge